USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA ITALIA USA, INC.,

Plaintiff,

-against-

SMART SODA HOLDINGS, INC., et al.,

Defendants.

24-CV-06779 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

On March 31, 2026, the Court entered judgment in this action, including "reasonable attorneys' fees and expenses to pursue repayment following the breach, in an amount to be determined." Dkt. No. 62 at 14. The Court directed Plaintiff to "submit a specific request for attorneys' fees and expenses, with supporting documentation, to the Court within 30 days" of the date of the Order. *Id.* On April 30, 2026, Plaintiff submitted a declaration and billing records in support of its request for attorneys' fees and expenses. Dkt. Nos. 64–65. Plaintiff seeks an award of $96,319.13 in attorneys' fees and $405.00 in costs, for a total award of $96,724.13. Dkt. No. 65-1..[1] Defendants have not opposed Plaintiff's request.

For the reasons stated herein, the Court will award Plaintiff the requested amount of $96,724.13 for the attorneys' fees and costs it incurred in this action through April 30, 2026.

## BACKGROUND

On September 6, 2024, Plaintiff Donna Italia USA, Inc. initiated this action against Smart Soda Holdings, Inc. and Lior Arie Shafir (collectively, "Defendants") for breach of a settlement agreement (the "Agreement"), and in the alternative, breach of the covenant of good faith and fair dealing and unjust enrichment. *See* Dkt. No. 1. On July 11, 2025, Plaintiff moved for summary judgment. Dkt. No. 49. On March 31, 2026, the Court granted summary judgment for Plaintiff on the breach-of-contract claim, finding that Defendants failed to pay any amount due under the Agreement and rejecting Defendants' affirmative defenses to the breach. Dkt. No. 62 at 6–13. In addition to damages, pre-judgment interest, and post-judgment interest, the Court also awarded Plaintiff "reasonable attorneys' fees and expenses to pursue repayment following the breach, in an amount to be determined." *Id.* at 14. On April 30, 2026, Plaintiff filed a declaration and accompanying exhibits in support of its request for attorneys' fees and expenses. Dkt. Nos. 64–65.

[1] On June 22, 2026, Plaintiff filed a letter correcting its total attorneys' fees sought. Dkt. No. 68 ("The total for the billed invoices listed in the 'wherefore' clause to the Declaration (p. 7) was inadvertently miscalculated and should have been $96,724.13 for attorneys' fees."). After a thorough examination of the submitted billing records, it appears that Plaintiff counted in its corrected figure the $405.00 incurred in costs. *See* Dkt. No. 65-2 at 31. Accordingly, the Court finds that the correct total for Plaintiff's attorneys' fees is $96,319.13.

**DISCUSSION**

Under New York Law, a prevailing party may not collect attorneys' fees "unless an award is authorized by agreement between the parties or by statute or court rule." *A.G. Ship Maint. Corp. v. Lezak*, 69 N.Y.2d 1, 5 (N.Y. 1986). The Agreement states that "in the event [Plaintiff] must take legal steps necessary to enforce the Agreement and recoup amounts owed to it thereunder, [Defendants] must pay all of [Plaintiff's] fees and expenses, *including its attorneys' fees*, in doing so." Dkt. No. 1-1 ("Agr.") ¶ 5(b) (emphasis added). Accordingly, the Agreement plainly provides a basis for the recovery of Plaintiff's fees and expenses, including attorneys' fees.

"The starting point for determining the presumptively reasonable fee award is the lodestar amount, which is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Cruz v. Wide Open Arts, LLC*, No. 23-CV-00103 (HG) (RML), 2023 WL 11845609, at *5 (E.D.N.Y. Aug. 14, 2023) (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11-CV-03186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)). In assessing the reasonable hourly rate, a court must determine "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008). This inquiry is guided by the prevailing market rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 866, 895 n.11 (1984); *see also Arbor Hill*, 522 F.3d at 190 ("[T]he 'community' for purposes of this calculation is the district where the district court sits.").

The district court should also "assess case-specific considerations at the outset, factoring them into its determination of a reasonable hourly rate for the attorneys' work," which is then multiplied by a reasonable number of hours expended to reach the presumptively reasonable fee. *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010). These case-specific considerations include, "among others, the *Johnson* factors." *Arbor Hill*, 522 F.3d at 186 n.3; *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (enumerating factors for consideration in awarding attorneys' fees), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989).

The *Johnson* factors are as follows: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 186 n.3. A court may reduce requested fees if the attorneys' documentation of their hours is vague, or if their requests reflect work that could or should have been completed by a paralegal or secretary. *See Truong v. N.Y. Hotel & Motel Trades Council*, No. 07-CV-11383 (RJH), 2011 WL 147689, at *2 (S.D.N.Y. Jan. 12, 2011).

*First*, the Court finds that Plaintiff's counsel's hourly rates are reasonable. *See* Dkt. No. 65-2 at 38 (hourly rate of $1,240 in 2024); *id.* at 20 (hourly rate of $1,340 in 2025); *id.* at 3 (hourly rate of $1,475 in 2026). Courts in this District have found that Plaintiff's counsel's billing rates are aligned with prevailing rates for lawyers of comparable skill, expertise, and reputation in this jurisdiction. *See, e.g.*, *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, No. 15-CV-00211 (LGS), 2024 WL 1116090, at *6 (S.D.N.Y. Mar. 13, 2024) (hourly rate up to $1,765 for lead attorneys deemed "reasonable" given rates typically charged for similar services by comparably skilled lawyers); *Vista Outdoor Inc. v. Reeves Fam. Tr.*, No. 16-CV-5766, 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (hourly rate of $1,260 for partners at Gibson Dunn in 2018 found "reasonable" and "not excessive in the New York City 'big firm' market"); *Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, No. 20-MC-00023, 2021 WL 1353756, at *3 (S.D.N.Y. Apr. 12, 2021) (hourly rates between $1,175 and $1,350 are "comparable to rates awarded in this jurisdiction"). Moreover, "the best evidence of the reasonableness of the 'market' value of a particular law firm's services (and therefore the reasonableness of its fees) are the fees that the law firm normally charges its clients in other matters." *In re Relativity Fashion, LLC*, 565 B.R. 50, 70 (Bankr. S.D.N.Y. 2017). Plaintiff's counsel's rates are "standard rates and Greenberg Traurig's rates in particular have been found to be reasonable." Dkt. No. 64 ("Reddy Decl.") ¶ 10 (citing cases). Accordingly, Plaintiff's counsel's hourly rates are within the range of reasonableness.

*Second*, the Court has reviewed *in camera* the unredacted bills submitted by Plaintiff's counsel and finds that 98 hours is a reasonable number of hours worked on this matter. *See* Reddy Decl. ¶ 7. Plaintiff's counsel states that in order to successfully enforce Plaintiff's rights under the agreement, she engaged in the following tasks: drafting and filing the complaint; effecting service; drafting pre-motion letters concerning default and responses to Defendants' belated answer; participating in an unsuccessful mediation; drafting summary judgment briefs; and submitting the present application for attorneys' fees and expenses. *Id.* ¶ 3. The Court agrees that the foregoing tasks were necessary to "recoup amounts owed to [Plaintiff]" under the Agreement, Agr. ¶ 5(b), and that 98 hours is a reasonable number of hours to have spent on those tasks in total. *See Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (relevant inquiry is whether "a reasonable attorney would have engaged in similar time expenditures").

*Finally*, the Court finds that the costs Plaintiff seeks to recover are reasonable. Plaintiff's counsel incurred $405.00 in out-of-pocket costs which "primarily consist of filing fees." Reddy Decl. ¶ 12. Such fees are reimbursable under the terms of the Agreement as they relate to taking legal steps to recoup the amounts due. *See* Agr. ¶ 5(b).

**CONCLUSION**

Accordingly, Plaintiff's request for attorneys' fees and expenses in the amount of $96,724.13 is GRANTED. The Clerk of Court is respectfully directed to amend the judgment at Dkt. No. 63 to reflect this fixed amount for attorneys' fees and costs, which was left open at the time of entry of the judgment.

Dated: August 13, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge